IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW ALAN LAWRIE,

    Plaintiff,                  No. CIV S-11-0698 EFB P

    vs.

KAMALA HARRIS, et al.,

    Defendants.              <u>ORDER</u>

                            /

       Matthew Alan Lawrie, an inmate confined at the California Substance Abuse Training Facility in Corcoran, California, filed this pro se civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

**II.     Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

2

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim. The gist of plaintiff's complaint is his claim that Article II, § 4 of the California Constitution, which disenfranchises incarcerated or on-parole felons, violates the federal Constitution and Voting Rights Act. For the reasons that follow, the court concludes that the complaint fails to state a claim.

Construed liberally, the complaint alleges that California's felon disenfranchisement law violates § 2 of the Voting Rights Act (42 U.S.C. § 1973) and numerous provisions of the U.S. Constitution: (1) the 15th Amendment; (2) the Privileges and Immunities Clause of Article IV, § 2; (3) the Privileges and Immunities Clause of the 14th Amendment; (4) the Equal Protection Clause of the 14th Amendment; and (5) the First Amendment. The court will address each claim in turn.

Section 2 of the Voting Rights Act prohibits states and their political subdivisions from imposing voting qualifications, prerequisites, standards, practices or procedures "which result[] in a denial or abridgment of the right of any citizen of the United States to vote on account of race or color . . .." 42 U.S.C. § 1973(a). Plaintiff has not alleged that California's felon disenfranchisement law results in a denial or abridgment of his voting rights *on account of his race or color*. *See Farrakhan v. Washington*, 338 F.3d 1009, 1016 (9th Cir. 2003) ("*Farrakhan I*") (holding that a claim that a felon disenfranchisement law resulted in discrimination on the basis of race was cognizable under § 2 of the Voting Rights Act); *Farrakhan v. Gregoire*, 590 F.3d 989, 997 (9th Cir. 2010) ("*Farrakhan II*") (same); *see also Farrakhan v. Gregoire*, 623 F.3d 990, 992-93 (9th Cir. 2010) (en banc, per curiam) (expressing skepticism that felon

3

1  disenfranchisement laws may be challenged using § 2 of the Voting Rights Act despite the
2  holding of *Farrakhan I* and concluding that, in any event, such claims require a showing "that
3  the criminal justice system is infected by intentional discrimination or that the felon
4  disenfranchisement law was enacted with such intent."). Accordingly, plaintiff has not alleged
5  facts that state a claim under § 2 of the Voting Rights Act.

6        The 15th Amendment similarly simply bars racial discrimination "in matters having to do
7  with voting." *Mobile v. Bolden*, 446 U.S. 55, 61-62 (1980), *superseded by statute on other*
8  *grounds as stated by Smith v. Salt River Project Agric. Improvement & Power Dist.*, 109 F.3d
9  586, 594 n. 5 (9th Cir. 1997). To state a claim for violation of the 15th Amendment, a plaintiff
10 must allege that racial discrimination was a motivating factor in the enactment of the challenged
11 law. *Id.* Plaintiff has not alleged that California's felon disenfranchisement law discriminates on
12 the basis of race or that racial discrimination was a motivating factor in its enactment.
13 Accordingly, plaintiff has not alleged facts that state a claim under the Fifteenth Amendment.

14       The Privileges and Immunities Clause of Article IV has a single purpose – to bar a state
15 from discriminating against citizens of other states within its jurisdiction without substantial
16 justification. *Toomer v. Witsell*, 334 U.S. 385, 395 (1948); *Slaughter-House Cases*, 83 U.S. (16
17 Wall.) 36, 77, 21 L. Ed. 394 (1872). Plaintiff does not allege that California's felon
18 disenfranchisement law discriminates against citizens of other states within California without
19 substantial justification and has accordingly failed to state a claim under the Privileges and
20 Immunities Clause of Article IV.

21       As to the Privileges and Immunities Clause contained in § 1 of the 14th Amendment, the
22 Ninth Circuit has held that the clause does not bar felon disenfranchisement, as such
23 disenfranchisement is expressly sanctioned by § 2 of the same amendment. *Harvey v. Brewer*,
24 605 F.3d 1067, 1080 (9th Cir. 2010). Accordingly, plaintiff's claim that California's felon
25 disenfranchisement law violates the Privileges and Immunities Clause of the 14th Amendment
26 fails as a matter of law.

The same reasoning applies to plaintiff's possible claim that the felon disenfranchisement law violates the Equal Protection Clause of § 1 of the 14th Amendment – the U.S. Supreme Court has held that the Equal Protection Clause cannot be read to prohibit felon disenfranchisement, because § 2 of the same amendment sanctions felon disenfranchisement. *Richardson v. Ramirez*, 418 U.S. 24, 54-56 (1974). Thus, plaintiff's equal protection claim fails as a matter of law.

Lastly, the First Amendment does not guarantee felons the right to vote. *Farrakhan v. Locke*, 987 F. Supp. 1304, 1314 (E.D. Wash. 1997) (holding that, to uphold a First Amendment claim "the Court would have to conclude that the same Constitution that recognizes felon disenfranchisement under § 2 of the Fourteenth Amendment also prohibits disenfranchisement under other amendments . . . . The Court is not inclined to interpret the Constitution in this internally inconsistent manner or to determine that the Supreme Court's declaration of the facial validity of felon disenfranchisement laws in *Richardson v. Ramirez* was based only of the fortuity that the plaintiffs therein did not make their arguments under different sections of the Constitution"), *rev'd in part on other grounds,* 338 F.3d 1009 (9th Cir. 2003); *Johnson v. Bush*, 214 F. Supp.2d 1333, 1338 (S.D. Fl. 2002) ("it is clear that the First Amendment does not guarantee felons the right to vote"), *rev'd in part on other grounds,* 353 F.3d 1287 (11th Cir. 2003). Thus, plaintiff's First Amendment claim fails as a matter of law.

In sum, all of plaintiff's claims either fail as a matter of law or because he has not alleged sufficient facts. Because plaintiff cannot allege additional facts that would salvage his claims under the First and 14th Amendments, the court will dismiss these claims without leave to amend. These claims should not be included in any amended complaint plaintiff may file. To proceed on the remaining claims, plaintiff must file an amended complaint stating sufficient facts as discussed above.

////

////

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

. Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims

in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend as provided in this order within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being

1  dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will
2  proceed with service of process by the United States Marshal.
3  Dated: August 8, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE